QUESTION:
Are citizens summoned to serve on the statewide grand jury but not actually selected to serve thereon entitled to the mileage and per diem allowance of twenty-five dollars per day under s. 905.37(4), F.S.?
SUMMARY:
Under s. 905.37, F.S., persons summoned for service on a statewide grand jury are entitled to twenty-five dollars per day and mileage at the rate of ten cents per mile for their attendance at such proceedings even though they do not actually serve because their names are not drawn or they are found to be disqualified because of interest or other disqualification or exemption. However, if they are excused from serving at their own request because of unreasonable personal or financial hardship, they may not be reimbursed for their travel expense.
Sections 905.31-905.40, F.S. (Ch. 73-132, Laws of Florida), provides for the empaneling of a statewide grand jury by the Florida Supreme Court, upon the petition, in writing, of the governor, to investigate and return indictments or presentments with respect to crimes or wrongs of a multi-county nature. Sections 905.33 and 905.34. Lists of persons eligible to serve as jurors are submitted by the chief judges of each of the judicial circuits of the state to the state courts administrator; and the judge designated by the Supreme Court to preside over the statewide grand jury then, by lot and at random, selects the statewide grand jury from such jury lists. Section 905.37. Upon receipt of the venire from the presiding judge, the clerk of the Supreme Court "shall issue and cause to be delivered to the sheriff of the county in which a member of the statewide grand jury resides, a venire of the grand jury, commanding the sheriff to summon, in accordance with the venire, the persons named in the venire who reside in the county." Section 905.38. The grand jury "shall be composed of eighteen members of which fifteen members shall constitute a quorum. . . ." The provision for compensation reads as follows:
"(4) While serving on the statewide grand jury, each grand juror shall receive the mileage and per diem allowance of $25 per day. Upon receiving a summons to report for jury duty, any employee shall on the next day he is engaged in his employment exhibit the summons to his immediate superior, and the employee shall thereupon be excused from his employment for the period that he is actually required to be in court attendance, plus reasonable travel time. (Section 905.37.)"
The statute provides that a statewide grand juror must have been a resident of this state for at least one year and must have the same qualifications provided in Ch. 905, F.S., for a county grand juror. Section 905.37(3), supra. It provides also that "[t]he powers and duties of and law applicable to county grand juries shall apply to a statewide grand jury except when such powers, duties and law are inconsistent with the provisions of this chapter." (Emphasis supplied.) Section 905.34, id. And under s.40.24, F.S. (as amended by Chs. 72-308 and 73-264, Laws of Florida), jurors "summoned to complete a panel after the regular panel is exhausted and who are not accepted and not required to serve on the jury shall receive compensation of ten dollars per day, and a fractional part of a day shall be counted as a day." However, as amended by Ch. 73-264, "[a]ny juror who is excused from serving on any jury at his own request shall not be entitled to receive any compensation either for travel or for attendance upon the court."
These provisions, when read together, apparently contemplate that all persons summoned for duty on a statewide grand jury and who are actually required to be in attendance at a grand jury hearing are entitled to twenty-five dollars per day and to be reimbursed at the rate of ten cents per mile "for every mile necessarily traveled in going to and returning from [the grand jury] by the nearest practicable route." Section 40.24, supra. The fact that, after being summoned, their names are not actually drawn for jury service or they are found to be disqualified for or exempt from such service, see ss. 905.04, 40.07, and 40.08, F.S., should not militate against their being reimbursed for the expense of complying with the summons. However, if a prospective juror is excused from service at his own request, it would seem that he would not be entitled to claim per diem and mileage. It is expressly so provided by s. 40.24, as amended by Ch. 73-264, supra; and as noted above, any law applicable to county grand juries applies to the statewide grand jury except when it is inconsistent with the provisions of ss. 905.31-905.40, supra. Section 905.37 authorizes the presiding judge to excuse a person from serving on the statewide grand jury "upon a showing that service on the statewide grand jury will result in an unreasonable personal or financial hardship by virtue of the location or projected length of the grand jury investigation." Such a showing could be made by a telephone call or a letter to the presiding judge; and, in any event, the provisions of s. 40.24, referred to above, are not inconsistent with the provision authorizing the presiding judge to excuse a person from duty in a hardship case.